UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIQUAN S. GRAYSON,<br><br>Petitioner,<br><br>v.<br><br>SACRAMENTO COUNTY MAIL JAIL,<br><br>Respondent. | No. 2:24-cv-00996-DAD-AC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION<br><br>(Doc. No. 3) |

Petitioner ZiQuan S. Grayson is a county jail inmate proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 12, 2025, the assigned magistrate judge issued findings and recommendations recommending that this federal habeas action be summarily dismissed without prejudice to re-filing as a § 1983 civil rights action because the allegations in petitioner's petition concern the conditions of his confinement. (Doc. No. 3 at 2.) Because the success of petitioner's claims would not lead to his immediate or earlier release from confinement, the magistrate judge observed that the petition failed to state a cognizable claim for federal habeas relief. (*Id*.) The magistrate judge recommended that this court not convert the habeas petition to a civil rights action because the petition also lacks specific allegations and does not specify who petitioner

1

seeks to hold responsible for the alleged denial of his rights, and because of the various limitations and requirements imposed by the Prison Litigation Reform Act. (*Id*. at 2–3.) The pending findings and recommendations were served upon petitioner and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 4.) To date, petitioner has not filed any objections and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on February 12, 2025 (Doc. No. 3) are ADOPTED in full;

2. The petition for writ of habeas corpus (Doc. No. 1) is DISMISSED without prejudice to re-filing as a § 1983 civil rights action;

/////

/////

3. The court DECLINES to issue a certificate of appealability; and

4. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: **June 9, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3